**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| LMCHH PCP LLC, *et al.*,[1] | ) | Case No. 17-10201 (LSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: February 28, 2017 at 2:00 p.m. (ET)** |
| | ) | **Obj. Deadline: February 21, 2017 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR AN ORDER, PURSUANT TO
SECTION 327 (a) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 2014 AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ALSTON & BIRD LLP AS ATTORNEYS
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

LMCHH PCP LLC a Delaware LLC (the "**Physicians Group**"), and Louisiana Medical Center and Heart Hospital, LLC, a North Carolina LLC ("**LHH**" and, collectively with the Physicians Group, the "**Debtors**"), hereby file this application (the "**Application**") seeking the entry of an order pursuant to 11 U.S.C. §§ 327(a), 105(a), 503(b), and 1107 authorizing the retention and employment of Alston & Bird LLP ("**Alston & Bird**") as counsel in the Debtors' bankruptcy cases (the "**Bankruptcy Cases**").

I. **GENERAL BACKGROUND**

1. On January 30, 2017 (the "**Petition Date**"), the Debtors commenced the Bankruptcy Cases under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298). The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA 70445.

A. **The Debtors' Business and Reasons for Seeking Chapter 11 Relief**

2.      The Debtors are a nationally recognized 132-bed acute-care hospital located in the heart of St. Tammany Parish in Lacombe, Louisiana, specializing in treatment of cardiovascular disease and injuries affecting the spine.  In addition to cardiovascular and spine care, the Debtors offer a full range of inpatient and outpatient medical, surgical, and diagnostic services covering more than 35 specialties including orthopedics, vascular and general surgery, urology, gastroenterology, and neurology.

3.      In recent years, admissions revenue and net outpatient revenue have fallen below projections, while salaries, wages, and benefits have risen substantially.  In an attempt to increase revenue, the Debtors added additional physicians to their network, engaged in a concerted marketing effort, and sought out supplier contracts with advantageous terms. Despite implementing these new strategic initiatives, hospital intake volume has remained flat, the growth of the physician network has not generated sufficient revenues to cover expenses, and increased revenue growth has been outpaced by expenses.

4.      Additional information regarding the Debtors, their business and the events leading to the commencement of the Bankruptcy Cases can be found in the Declaration of Neil F. Luria, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions (the "**Luria Declaration**"), which is incorporated herein by reference.

II. **JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Bankruptcy Cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

III.    **REQUEST FOR RELIEF**

6.      By this Application, the Debtors seek entry of an order, pursuant to Section 327 of the Bankruptcy Code approving the employment of Alston & Bird, to be compensated pursuant to Section 330 of the Bankruptcy Code, as their attorneys in these Bankruptcy Cases, effective as of the Petition Date and subject to the terms and conditions described in the engagement letters (the "**Engagement Letters**," a copy of which are attached hereto as Exhibit A).

### Debtors' Retention of Alston & Bird

7.      Alston & Bird has been counseling LHH since October 2016. As a result of Alston & Bird's representation of the LHH, it has obtained institutional knowledge concerning the Debtors, their corporate and debt structures, their operation, and their history. Retaining Alston & Bird as the Debtors' bankruptcy counsel is essential to a smooth transition into bankruptcy and a successful reorganization or liquidation. The Alston & Bird attorneys have knowledge and experience in bankruptcy practice and are well qualified to represent the Debtors.

### Scope of Services

8.      In the performance of the Debtors' duties in the Bankruptcy Cases, and any related proceedings in this Court and other courts, it will be necessary for various legal services to be rendered by Alston & Bird to the Debtors including:

(a)     assisting the Debtors in the preparation of their schedules, statements of affairs, and the periodic financial reports required by the Bankruptcy Code, the Bankruptcy Rules or any order of this Court;

(b)     assisting the Debtors in consultations, negotiations and all other dealings with creditors, equity security holders and other parties-in-interest concerning the administration of these Bankruptcy Cases;

3

(c)     preparing pleadings, conducting investigations and making court appearances incidental to the administration of the Debtors' estates;

(d)     advising the Debtors of their rights, duties and obligations under the Bankruptcy Code, Bankruptcy Rules, Local Rules and Orders of this Court;

(e)     assisting the Debtors in the development and formulation of a plan and/or other means to maximize value to their estates, including the preparation of a plan, disclosure statement and any related documents for submission to this Court and to the Debtors' creditors, equity holders, and other parties in interest;

(f)     advising and assisting the Debtors with respect to litigation;

(g)     rendering corporate and other legal advice and performing all those legal services necessary and proper to the functioning of the Debtors during the pendency of these cases; and

(h)     assisting the Debtors in dealing with regulatory authorities with respect to their businesses and operations;

(i)     taking any and all necessary actions in the interest of the Debtors and their estates incident to the proper representation of the Debtors in the administration of these cases.

**<u>Alston & Bird's Fees for Services to be Rendered</u>**

9.     The Debtors wish to employ the law firm of Alston & Bird & Bird LLP as counsel in these Bankruptcy Cases pursuant to Section 327(a) of the Bankruptcy Code under a general retainer arrangement.  The Debtors have agreed to pay Alston & Bird its standard hourly rates, and other charges such as expense reimbursements, all being subject to approval by the Bankruptcy Court, on notice as provided in the Bankruptcy Code.  Alston & Bird has agreed to a cap on partner rates at $700 per hour and otherwise to charge the usual rates for the professionals

working on this matter.  The hourly rates for the attorneys anticipated to be involved with this matter thus range from $700 to $515.  The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Paralegals may serve the Debtors in connection with the matters herein described from time to time.

10.     The Debtors understand that it is Alston & Bird's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.  The expenses charged to clients include, among other things mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Debtors understand that Alston & Bird will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Alston & Bird's other clients.

## Prepetition Payments to Alston & Bird

11.     Alston & Bird has been paid $829,828.68 from the Debtors during the ninety (90) days preceding the Petition Date for its various efforts on behalf of the Debtors and in dealing with their regular and extraordinary business and restructuring issues, including for legal services rendered in contemplation of or in connection with these bankruptcy filings.  Of these amounts $35,381.82 is currently held as security for post-petition fees and expenses.

## Alston & Bird's Disinterestedness

12.     To the best of the Debtors' knowledge, understanding and belief, Alston & Bird does not hold any disqualifying interest adverse to the Debtors or the Debtors' estates in matters upon which the law firm is to be engaged on behalf of the Debtors.  Based on the Declaration of Grant T. Stein attached hereto as Exhibit B, the Debtors understand that Alston & Bird and

5

certain of its partners, counsel and associates may currently or have in the past represented creditors, contract parties, or equity security holders of the Debtors in connection with matters unrelated to the matters on which the Debtors seeks to employ Alston & Bird.  The Debtors have been advised that Alston & Bird has examined its books and records with respect to its connections to creditors and other parties in interest and is continuing to do so.

### Alston & Bird's Connections

13.     With respect to Alston & Bird's connections to significant creditors and contract parties of the Debtors, it is the Debtors' understanding that Alston & Bird has the following relationships:

a.     Unsecured Creditors:     Alston & Bird represents the following entities which hold unsecured, prepetition claims against the Debtors, on various matters unrelated to the Debtors:  Conifer Health Solutions, LLC ($525,829.72), McKesson Technologies, Inc. ($614,360.18), St. Jude Medical ($122,357.17), Henry Schein, Inc. ($10,285.93), Charter Communications ($195.40), and AT&T, Inc. ($226.84).

b.     Other Connections:     MedCare Investment Funds (MedCare) owns Cardiac Care Group, LLC. ("**CCG**"), which owns CCG of Louisiana, LLC ("**CCG LA**"), which is a Member of LMCHH PCP and the majority interest holder in LHH.  Dr. Harry Jacobson was a principal of Renal Care Group and is a principal of MedCare. Alston & Bird does not represent MedCare, Dr. Jacobson, CCG, or CCG LA.  Alston & Bird LLP has represented a variety of companies in which MedCare has had an interest, such as those noted below.  In all cases below, Alston & Bird has represented the underlying company, and not MedCare, and has often been adverse to MedCare regarding its investment in these companies.

6

- Renal Care Group, Inc. ("**RCG**").  Alston & Bird began representing RCG in approximately 1995 and took RCG public in 1996.  We thereafter represented RCG in nearly all of their significant legal matters, including in the sale of RCG to Fresenius Medical Care in 2006 for approximately $4 billion.  Harry Jacobson, M.D. was among the founders of RCG and served on its board of directors.

- Ambulatory Services of America, Inc. ("**ASA**").  Alston & Bird began representing ASA in approximately 2010 for a variety of legal matters, including the sale of ASA to U.S. Renal Care in 2013.

- Informatics Corporation of America, Inc. ("**ICA**").  Alston & Bird began representing ICA in approximately 2002 and has handled a variety of matters for ICA.  MedCare still has its interest in ICA and ICA remains a client of Alston & Bird.

- Diabetes Care Group, Inc. ("**DCG**").  Alston & Bird began representing DCG in approximately 2008 and handled a variety of matters for DCG.  MedCare still has its interest in DCG, however DCG is not a current client of Alston & Bird.

Alston & Bird has also represented MedCare directly in regard to various legal matters related to other investments or prospective investments.  None of those are current, and the last one concluded approximately three years ago.  Those matters were not material in reference to the above engagements, and were isolated events involving specific legal questions of a specialty nature.

c.   Alston & Bird attorneys have worked with persons at SOLIC Capital Advisors, LLC ("**SOLIC**") in various matters over the years including matters in which SOLIC persons may have been adverse to Alston & Bird clients.  Additionally, SOLIC is a sponsor of the Southeastern Bankruptcy Law Institute of which two Alston & Bird partners are Board members, one of which is Grant T. Stein.

14.   Alston & Bird is not a creditor of the Debtors as it has been paid for its prepetition services in connection with preparing for the instant bankruptcy cases as well as all other prepetition work and has received a retainer with a remaining balance of $ $35,381.82 from the Debtors in connection with the filing of these cases.  Alston & Bird understands that the source of the retainer is from the Debtors' funds.

15.     The Debtors do not believe that any of the above-referenced connections should be disqualifying and that the retention and employment of Alston & Bird is in the best interest of the Debtors' estates and their creditors.  The foregoing disclosures have been made based upon the review of the best information available at this time.  Accordingly, the Debtors understand that Alston & Bird and certain of its partners, counsel and associates may have in the past represented, and may currently represent and in the future likely will represent creditors of the Debtors in connection with matters unrelated to the matters on which the Debtors seek to employ Alston & Bird.  To the extent that it is determined that any additional matters should be disclosed, Alston & Bird will supplement this Application.

### Basis for Relief Requested

16.     Section 327(a) of the Bankruptcy Code provides that a debtor in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by Section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code.  *See* 11 U.S.C. §§ 101(14).  Additionally, Section 1107(b) of the Bankruptcy Code provides that a professional is not disqualified for employment by a Chapter 11 debtor in possession under Section 327(a) of the Bankruptcy Code solely because of its employment by or representation of the debtor before the commencement of the case. *See* 11 U.S.C. § 1107(B).  Alston & Bird's services will enable the Debtors to execute faithfully their duties as debtors in possession, and are necessary to the successful functioning of these Bankruptcy Cases.  Based upon their extensive experience and expertise, and their prior representation of the Debtors, Alston & Bird is both well-qualified and uniquely able to represent the Debtors during these Bankruptcy Cases in an efficient, cost-effective and timely manner.  As

8

stated above, the Debtors do not believe that Alston & Bird holds or represents any interest adverse to the Debtors' estates, and they believe that Alston & Bird is a "disinterested person" under the Bankruptcy Code.  Accordingly, the Debtors submit that retention of Alston & Bird is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.  No previous application for the relief sought herein has been made to this or any other court.

## IV.   **CONCLUSION**

17.   For the above-stated reasons, the Debtors respectfully request that they be authorized to retain Alston & Bird & Bird LLP as of the Petition Date and its partners and associates, assisted by its paralegals, as counsel for the Debtors in these Bankruptcy Cases.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

_____/s/ Neil F. Luria_____

By:    Neil F. Luria

Title:   Chief Restructuring Officer for LMCHH
         PCP LLC, and Louisiana Medical Center
         and Heart Hospital, LLC