# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| LMCHH PCP LLC, *et al.*,[1] ) | Case No. 17-10201 (LSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: February 28, 2017 at 2:00 p.m. (ET)** |
| ) | **Obj. Deadline: February 21, 2017 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR AN ADMINISTRATIVE ORDER, PURSUANT TO SECTIONS 331 AND 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a), AND LOCAL RULE 2016-2, ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

LMCHH PCP LLC, a Delaware limited liability company (the "**Physicians Group**") and Louisiana Medical Center and Heart Hospital, LLC a North Carolina limited liability company ("**LHH**" and together with the Physicians Group, the "**Debtors**"), hereby file this application (the "**Motion**") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), establishing procedures for interim compensation of professional services and reimbursement of professional expenses of professionals in these chapter 11 cases (collectively, the "**Bankruptcy Cases**"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298). The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA 70445.

01:21520215.1

I. **GENERAL BACKGROUND**

1. On January 30, 2017 (the "**Petition Date**"), the Debtors commenced voluntary cases (the "**Bankruptcy Cases**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

   A. **The Debtors' Business and Reasons for Seeking Chapter 11 Relief**

2. The Debtors are a nationally recognized 132-bed acute-care hospital located in the heart of St. Tammany Parish in Lacombe, Louisiana, specializing in treatment of cardiovascular disease and injuries affecting the spine. In addition to cardiovascular and spine care, the Debtors offer a full range of inpatient and outpatient medical, surgical, and diagnostic services covering more than 35 specialties including orthopedics, vascular and general surgery, urology, gastroenterology, and neurology.

3. In recent years, admissions revenue and net outpatient revenue have fallen below projections, while salaries, wages, and benefits have risen substantially. In an attempt to increase revenue, the Debtors added additional physicians to their network, engaged in a concerted marketing effort, and sought out supplier contracts with advantageous terms. Despite implementing these new strategic initiatives, hospital intake volume has remained flat, the growth of the physician network has not generated sufficient revenues to cover expenses, and increased revenue growth has been outpaced by expenses.

4. Additional information regarding the Debtors, their business and the events leading to the commencement of the Bankruptcy Cases can be found in the Declaration of Neil F. Luria, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions

(the "**Luria Declaration**"), which is incorporated herein by reference.

### B. Facts in Support of Requested Relief

5. The Debtors have filed or will file applications to retain, pursuant to section 327 of the Bankruptcy Code, the following bankruptcy professionals (each a "**Professional**" and collectively the "**Professionals**"): (a) as their general bankruptcy and restructuring co-counsel (i) Alston & Bird LLP and (ii) Young Conaway Stargatt & Taylor, LLP; and (b) as their administrative advisor, Garden City Group, LLC. The Debtors may need to retain other professionals in the Bankruptcy Cases under section 327 of the Bankruptcy Code. Such professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion. In addition, any statutory committee of unsecured creditors (a "**Committee**") that may be appointed in these Bankruptcy Cases will likely retain counsel and other professionals under section 1103 of the Bankruptcy Code to assist in the performance of its statutory duties.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Bankruptcy Cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

## III. RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order authorizing and establishing procedures for the compensation and reimbursement of Professionals on a monthly basis, comparable to those procedures established in other chapter 11 cases filed in the District of

Delaware. Such an order would enable the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and all other interested parties to monitor the fees and expenses incurred by the Professionals in the Bankruptcy Cases.

### THE PROPOSED COMPENSATION PROCEDURES

9. The Debtors propose that monthly payment of compensation and reimbursement of expenses of the Professionals (the "**Compensation Procedures**") be structured as follows:

> (a) No earlier than the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application, by hand or overnight delivery, on the following parties (collectively, the "**Notice Parties**"): (i) LMCHH PCP, LLC and Louisiana Medical Center and Heart Hospital, LLC, c/o SOLIC Capital Advisors, LLC, 1603 Orrington Avenue, Suite 1600, Evanston, IL 60201 (Attn: Neil Luria); (ii) the attorneys for the Debtors, (A) Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309-3424 (Attn: Grant T. Stein) and (B) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn: Joel Waite); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Hannah McCollum); (iv) counsel for the DIP Lenders, Miller, Egan, Molter & Nelson LLP, 221 West 6th Street, Suite 700, Austin, TX 78701 (Attn: Matthew R. Bair, Esq.); (v) counsel for MidCap, Waller Lansden Dortch & Davis LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: Katie Stenberg); and (v) counsel for any Committee appointed in these Bankruptcy Cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including February 28, 2017.

> (b) Each Notice Party will have fifteen (15) days after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "**CNO**") with respect to the unopposed

portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)     If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d)     With respect to the first three-month period after the Petition Date (January 30, 2017 through April 30, 2017), and each subsequent three-month period, each Professional shall file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "**Interim Fee Period**") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before June 15, 2017, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including April 30, 2017. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the applicable objection deadline.

(e)     The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's

Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(h) Professionals shall file final applications for compensation and reimbursement (collectively, the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

(i) Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "**Hearing Notice**") must be served upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10. The procedures described herein will enable all parties to monitor closely costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

11. The Debtors also request that each member of a Committee be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will

6

collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

12. In addition, the Debtors further request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and Hearing Notices as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices. Providing notice of fee applications in this manner will permit the parties most active in these Bankruptcy Cases to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

13. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

### BASIS FOR RELIEF REQUESTED

14. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

15. Absent an order of this Court, section 331 of the Bankruptcy Code limits the Professionals rendering services in these Bankruptcy Cases to payment of fees and expenses to only three (3) times per year.

16. Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); *S. Rep. No. 989, 95th Cong., 2d Sess*. 41-42 (1978).

17. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

18. The Compensation Procedures would promote efficiency and streamline the compensation process and enable the Court, the U.S. Trustee, and all other parties to monitor effectively the Professionals' fees and expenses incurred in these Bankruptcy Cases.

19. Moreover, implementing the Compensation Procedures is justified in these Bankruptcy Cases because they present a number of complex issues that, together with the day-to-day administration of the Bankruptcy Cases, must be addressed by the Debtors' limited staff and resources. In addition, it is anticipated that several Professionals will be involved, such that absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court, and other parties.

20. The Compensation Procedures will (a) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administering these cases, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtors' reorganization, and (d) permit the Debtors to better predict and manage their monthly cash needs.

21. The Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. *See, e.g.*, *In re Sports Authority Holdings, Inc., et al.*, Case No. 16-10527 (MFW) (Bankr. D. Del. April 24, 2016); *In re The Standard Register Co.*, Case No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re OnCure Holdings, Inc.*, Case No. 13-11540 (KG) (Bankr. D. Del. July 24, 2013); *In re Penson Worldwide, Inc.*, Case No. 13-10061 (PJW) (Bankr. D. Del. Feb. 7, 2013); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 13, 2012); *In re B456 Sys., Inc.*, Case No. 12-12859 (KJC) (Bankr. D. Del. Nov. 7, 2012); *In re Dig. Domain Media Grp., Inc.*, Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012); *In re AES E. Energy*, Case No. 11-14138 (KJC) (Bankr. D. Del. Jan. 26, 2012); *In re Graceway Pharm., LLC*, Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011).

22. Accordingly, the relief requested is in the best interests of the Debtors, their estates, and their creditors.

## **NOTICE**

23. No trustee, examiner or official committee has been appointed in these Bankruptcy Cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee; (ii) those creditors listed on the Debtors' List of Creditors Holding 20 Largest Unsecured Claims; (iii) the DIP Lender; (iv)

MidCap; (v) CCG; and (v) other parties requesting notice in these Bankruptcy Cases. In light of the nature of the relief requested herein, the Debtors submits that no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED: February 6, 2017    YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Kenneth J. Enos
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
Rodney Square
1000 North King Street
Wilmington, DE 19801-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ALSTON & BIRD LLP

Grant T. Stein
David A. Wender
Sage M. Sigler
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Proposed Attorneys for the Debtors*