# EXHIBIT G

## PURCHASE AGREEMENT

This Purchase Agreement (the "Agreement") is made and entered into this 22nd day of February, 2017 by and between Walter E. Gipson IV, M.D. (the "Physician") and Louisiana Medical Center and Heart Hospital, LLC and LMCHH PCP LLC, debtors in possession under Chapter 11 of the United States Bankruptcy Code (collectively referred to as "Hospital") (Physician and Hospital may sometimes be referred to herein collectively as the "Parties" and individually as a "Party").

### RECITALS

WHEREAS, Hospital operates a physician group practice;

WHEREAS, Physician was employed by Hospital in its group practice to provide professional medical services in the specialty of family practice medicine in an office located at 1702 Highway 11 North, Picayune, MS (the "Practice Location");

WHEREAS, on January 30, 2017 (the "Petition Date"), Hospital commenced chapter 11 bankruptcy cases (collectively, the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, Hospital has petitioned the Bankruptcy Court to reject all physician employment agreements and in connection with the same, Hospital will provide notice to patients served by physicians within the past year of the closure of the Hospital practice locations, effective February 28, 2017;

WHEREAS, the Parties desire to enter into this Agreement pursuant to which Hospital proposes to sell to Physician, and Physician proposes to purchase from Hospital, substantially all of the assets owned by Hospital and used or held for use in the Practice Location (the "Acquisition") so Physician can transition to private practice;

WHEREAS, this Agreement and the transactions contemplated herein are subject to the approval of the Bankruptcy Court pursuant to Sections 105, 363 and 365 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) (the "Bankruptcy Code"); and

WHEREAS, the Parties desire to make certain representations, warranties, agreements, and covenants in connection with the Acquisition and the other transactions contemplated hereby.

NOW, THEREFORE, in consideration of the foregoing and the respective representations, warranties, covenants, agreements and conditions hereinafter set forth, and intending to be legally bound hereby, each Party hereby agrees as follows:

1. **Recitals.** Each of the recitals above is hereby incorporated into this Agreement by this reference.

2. **Acquisition.** Subject to approval of the Bankruptcy Court, the Parties agree to the following:

    2.1  Physician agrees to buy the assets identified on *Exhibit A* (Furniture, Fixtures and Equipment), *Exhibit B* (Assumed Contracts) and *Exhibit C* (Supplies) (collectively, the "Company

Assets") for the purchase price of Eight Thousand Dollars ($8,000), free and clear of any and all liens of any kind or nature, whatsoever. Physician is accepting the Company Assets AS IS, WHERE IS. HOSPITAL DOES NOT MAKE ANY OTHER REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE DESIGN, CONDITION, CAPACITY, VALUE, UTILITY, PERFORMANCE OR QUALITY OF THE COMPANY ASSETS AND MAKES NO IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT THERETO.

2.2     Unless otherwise set forth in accordance with *Section 2.1*, all other assets remain the sole property of the Hospital (the "Excluded Assets"). For the avoidance of doubt, Excluded Assets shall include all computers, copiers, fax machines, phone systems and all paper patient medical records and billing records.

2.3     On March 1, 2017, all Hospital employees staffing the Practice Location shall cease to be employees of the Hospital and the Hospital shall not provide any compensation or benefits to such employees on or after March 1, 2017. The Physician shall be solely responsible for employment of, compensation of and benefits for any such staff as Physician elects to retain at the Practice Location.

2.4     The Hospital shall no longer lease space for the Practice Location, effective March 1, 2017. On or before that date, Physician shall be solely responsible for obtaining the lease for the Practice Location. If applicable, the Hospital shall reasonably cooperate with Physician in communications with third party landlords regarding the transfer of the lease to Physician.

3. Costs and Fees. Each Party to this Agreement shall bear its own attorneys' fees, costs and expenses incurred in connection with this Agreement, including, without limitation, any efforts to resolve or settle the disputes giving rise to this Agreement or in connection with the preparation of this Agreement.

4. Representations and Warranties. Each Party represents and warrants:

4.1     that they have the full right and authority to enter into this Agreement, and that the consent of no other person is required to effectuate this Agreement, subject only to approval of the Bankruptcy Court;

4.2     that, in negotiating and entering into this Agreement, they have consulted with and relied upon legal counsel of their own selection, or have had the opportunity to do so but have voluntarily elected not to seek legal advice;

4.3     that, in negotiating and entering into this Agreement, they are not relying upon any representation or statement made by any other Party, or by any other Party's agents, representatives or attorneys, that is not expressly set forth in this Agreement; and

4.4     each has the authority to execute this Agreement on their respective behalf, subject to approval of the Bankruptcy Court.

5. **Arm's Length Negotiation and Fair Market Value.** This Agreement was executed after an arm's length negotiation between the Parties and reflects the conclusion of the Parties that the consideration hereunder is consistent with fair market value. It is the Parties' express intention and desire that this Agreement complies with the applicable provisions of the Physician Self-Referral Law and the Anti-Kickback Statute.

6. **Entire Agreement.** This Agreement contains the entire understanding between the Parties with respect to its subject matter and supersedes all other prior and contemporaneous oral or written communications, representations, or agreements with respect to the purchase of equipment and other matters specifically set forth herein.

7. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective parent companies, subsidiaries, affiliates, heirs, personal representatives, successors and assigns.

8. **No Admission.** This Agreement and the transactions consummated or contemplated pursuant hereto are a compromise and settlement of disputed claims and in no way constitute an admission by any Party of any fault whatever or any liability whatever in connection with any matter or thing. The Physician is waving no rights hereunder other than as specifically set forth hereunder.

9. **Further Cooperation.** The Parties promise to execute such other further and different documents and instruments as may be reasonably required to effectuate this Agreement

10. **Applicable Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware.

11. **Counterparts.** This Agreement shall become effective upon its execution and delivery by or on behalf of all Parties. This Agreement may be executed in counterparts, and faxed, scanned or photocopies of the Parties' signatures shall be effective. When each Party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts shall constitute one Agreement, which shall be binding on all Parties.

*[Signature Page Follows]*

*Page 6 of 6*



Initials of Parties

_WEG_ / _/\\_
Physician   Hospital

**IN WITNESS WHEREOF**, Hospital and Physician have executed this Agreement effective as of the day and year first above written.

LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC
AND LMCHH PCP LLC

By: _____
Neil F. Luria, CRO


**PHYSICIAN**

By: _____
  Signature

Name: _Walter E Gipson IV_
Walter E. Gipson IV, M.D.

*Page 6 of 6*

Initials of Parties
WEG / A
Physician    Hospital

## EXHIBIT A
### Furniture, Fixtures and Equipment

1. All furniture and fixtures located at 1702 Highway 11 North, Picayune, MS.

2. All telephone numbers associated with the Practice Location, to the extent reasonably transferable by the Hospital.

3. All equipment (other than information technologies storing patient information) located at 1702 Highway 11 North, Picayune, MS.

*Page 6 of 6*

*Initials of Parties*

_____ / _____

*Physician    Hospital*

**EXHIBIT B**
**Assumed Contracts**

[None.]

**EXHIBIT C**
**Supplies**

All supplies located at 1702 Highway 11 North, Picayune, MS that were purchased in normal quantities in the ordinary course of business.

*Page 6 of 6*

*Initials of Parties*

_____ / _____

*Physician    Hospital*